O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 10-00952 ODW (AGR) | Date | October 21, 2010 |
|---|---|---|---|
| Title | *Liu v. Li, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) [18]**

Currently before the Court is Defendants, Paul R. Mata ("Mata") and Diana Yu's, ("Yu") (collectively, "Moving Defendants") Motion to Dismiss Pursuant to Rule 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e). (Dkt. No. 18.)  The Court finds the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local Rule 7-15. Having carefully considered the parties' arguments, Defendants' Motion is GRANTED in its entirety.

## I.  BACKGROUND

Plaintiffs, James Liu and Tsai Ping Liu (collectively, "Liu" or "Plaintiffs"), allege the following:

Defendants, Andrew "Xin Ping" Li ("Li") and Richard "Yong Hua" Zheng ("Zheng") agreed to assist Liu in transmitting one million dollars to China.  Facing an investment deadline for a factory in China, Liu agreed to Li's representations that "everything would be done promptly and legally."  Specifically, Li informed Liu that the one million dollars would be deposited into Li's New York New, Inc.'s ("NYN") account at a "bank."  The amount in question would then be released to Liu's bank account in China.  Li also stated that the bank would issue a "guarantee letter" stating that the bank will not release the one million dollars without Liu acknowledging that a deposit in the amount in question was made to Liu's Chinese bank account.

On January 10, 2007, Li and Liu met at an Ameriprise Financial Services, Inc.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-00952 ODW (AGR) | Date | October 21, 2010 |
|---|---|---|---|
| Title | *Liu v. Li, et al.* | | |

("Ameriprise") location to implement their plans. At Ameriprise, Defendant, Diana Yu ("Yu"), an employee of Ameriprise, received two checks totaling one million dollars. Upon depositing the two checks to the NYN account, Yu represented that "a guarantee letter" would be issued in about 5 days.

On January 19, 2007, Defendant, Paul R. Mata, an Ameriprise franchisee and Yu's employer, informed Liu by mail that the money had been deposited into an account in China. No guarantee letter however had been produced. Ultimately, Plaintiffs did not receive a deposit of the one million dollars in their bank account in China, and have not been successful in recuperating the deposited, $1,000,000, from Defendants.

Based on the foregoing, on or about May 21, 2010, Plaintiffs instituted this action in state court claiming: 1) Fraud; 2) Breach of Contract; 3) Breach of Covenant of Good Faith and Fair Dealing; 4) Conversion; 5) Unjust Enrichment; 6) Violation of the Unfair Business Act; 7) Violation of the Racketeer Influenced and Corrupt Organization Act ("RICO") under 18 U.S.C. section 1962(c); and 8) Violation of RICO under 18 U.S.C. section 1962(d). The case was removed on June 25, 2010 and assigned to this Court on July 29, 2010. Plaintiffs have since voluntarily dismissed Ameriprise from the case.

## II. **LEGAL STANDARD**

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Igbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-00952 ODW (AGR) | Date | October 21, 2010 |
|---|---|---|---|
| Title | *Liu v. Li, et al.* | | |

In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in a light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). A district court should ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Twombly*, 550 U.S. at 563. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

### III. DISCUSSION
#### A. FRAUD

Mata and Yu move to dismiss Plaintiffs' fraud claim. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). The pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted). Finally, a plaintiff must also state the "circumstances indicating falseness" or an explanation as to how an alleged statement or omission was false or misleading when made. *In re Glenford, Inc. Sec. Litig.*, 42 F.3d 1541, 1545 (9th Cir. 1994).

To support the fraud claim, Plaintiffs allege that Defendants represented, *inter alia*, "that the funds will be held in trust," "the funds will be transferred to China in time for Plaintiffs to make desired investments," and "a guarantee letter would be provided." (Compl. ¶¶ 25-27.) Plaintiffs purport that these representations were the direct and proximate cause to the alleged damages. (*Id.* ¶ 31). Nevertheless, the Court finds that Plaintiffs' allegations do not meet Rule 9(b)'s heightened pleading requirement. First, these vague allegations are insufficient to put Defendants, Mata and Yu, on notice as to precisely what fraudulent conduct they are alleged to have engaged in nor do they

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-00952 ODW (AGR) | Date | October 21, 2010 |
|---|---|---|---|
| Title | *Liu v. Li, et al.* | | |

identify the Defendants' alleged roles in the fraudulent scheme. Specifically, Plaintiffs allege insufficiently that Yu is an Ameriprise employee who deposited the two checks, and that Mata sent a mail notification that the money was deposited without allegations as to the actual fraud perpetuated by either of these two Defendants. (Compl. ¶¶ 18-20.) Also, the Plaintiffs only refer to "Defendants" as opposed to individually naming Yu and/or Mata. As such, the Court is unimpressed with how such vague allegations amount to fraud as to Mata and/or Yu, and how Mata and Yu's status relate to Li and Zheng, let alone to the overall alleged fraudulent scheme. Plaintiffs' references to "Defendants" do not provide specific notice to each defendant of the particular misconduct. Thus, the Court finds that Plaintiffs have failed to plead the fraud claim with the particularity required under Rule 9(b). Therefore, the Court GRANTS the motion to dismiss Plaintiffs' fraud claim with leave to amend.

### B. BREACH OF CONTRACT

Plaintiffs' second claim alleges a breach of contract claim. To plead such a claim under California law, plaintiff must allege: (1) the existence of a contract; (2) her performance of the contract, or a legally cognizable excuse for nonperformance; (3) defendants' breach; and (4) resulting damage. *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

Here, Plaintiffs fail to allege the existence of a contract. Specifically, the Complaint does not implicate a contract between the Plaintiffs and Defendants, Mata and Yu. Even if the Court imagines the existence of a contract in this case, the Complaint does not provide notice as to the obligations said contract imposes on each respective Defendant, especially in reference to Mata and Yu. Additionally, the allegations do not implicate Mata and Yu to have been a part of the alleged $1,000,000 investment scheme involving Liu, Li, and Zheng. As such, a blanket reference to "Defendants" will not suffice to provide proper notice of breach of the alleged contract formed and the respective contractual obligations of each Defendant. Therefore, the Court GRANTS the motion to dismiss Plaintiffs' breach of contract claim with leave to amend.

### C. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiffs' third claim pleads a claim for breach of the covenant of good faith and fair dealing. California law implies a covenant of good faith and fair dealing in every contract. *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 371 (1992); *see also Chodos v. West Publishing Co.*, 292 F.3d 992, 996 (9th Cir. 2002) (noting that "California law,

Case 5:10-cv-00952-ODW-AGR Document 23 Filed 10/21/10 Page 5 of 8 Page ID #:191

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-00952 ODW (AGR) | Date | October 21, 2010 |
|---|---|---|---|
| Title | *Liu v. Li, et al.* | | |

like the law in most states, provides that a covenant of good faith and fair dealing is an implied term in every contract"). The covenant is implied "to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenant) frustrates the other party's rights [to] the benefits of the contract." *Marsu B .V. v. Walt Disney Co.*, 185 F.3d 932, 938 (9th Cir. 1999) (*citing Los Angeles Equestrian Ctr., Inc. v. City of Los Angeles*, 17 Cal. App. 4th 432, 447 (1993)). As indicated above, the Court finds that a blanket reference to "Defendants" without more does not provide proper notice to, in this instance, Mata and Yu, as to the existence and obligations of the alleged contract. Because Plaintiffs have not alleged the existence of a contract as to the moving Defendants, the Court GRANTS the motion to dismiss this claim with leave to amend.

### D. CONVERSION

Plaintiff pleads a claim for conversion. To state a claim for conversion, a party must allege facts to support the following elements: (1) party's ownership of property; (2) wrongful dispossession of property by another; and (3) damages to party caused by dispossession of property. *Burlesci v. Peterson*, 68 Cal. App. 4th 1062, 1065-66, (1998). As stated previously, a blanket reference to "Defendants" does not provide proper notice as to which Defendant committed the wrongful dispossession of property. Particularly, as Defendants argue, the investment checks were deposited into NYN's Ameriprise account with Plaintiffs' consent. (Compl. ¶ 18.) As such, it is unclear as to how a conversion occurred as to Mata and Yu when Plaintiffs allege consent to the $1,000,000 deposit into Li's NYN account. Also, Plaintiffs do not provide facts relating Mata and Yu to Li and Zheng's alleged misrepresentations leading up to Plaintiffs eventual deposit of the investment checks. Ultimately, a blanket reference to all "Defendants" will not suffice. Hence, the Court GRANTS the motion to dismiss Plaintiffs' claim for conversion with leave to amend.

### E. UNJUST ENRICHMENT

Plaintiffs set forth a claim for unjust enrichment. Under California law, "[t]he theory of unjust enrichment requires one who acquires a benefit which may not justly be retained, to return either the thing or its equivalent to the aggrieved party so as not to be unjustly enriched." *Otworth v. Southern Pac. Transp. Co.*, 166 Cal. App. 3d 452, 460 (1985). Some courts have affirmatively stated that "unjust enrichment is not a cause of action." *Jogani v. Superior Court*, 165 Cal. App. 4th 901, 911 (2008). If the Court were to assume that unjust enrichment is an independent cause of action under California law, Plaintiffs must plead "receipt of a benefit and unjust retention of the benefit at the expense of another." *Lectodryer v. Seoulbank*, 77 Cal. App. 4th 723, 726 (2000) (allowing a claim of unjust enrichment to stand when a bank retained funds paid by a third party to purchase a letter of credit, for the purpose of paying the plaintiff, after the letter of credit expired).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-00952 ODW (AGR) | Date | October 21, 2010 |
|---|---|---|---|
| Title | *Liu v. Li, et al.* | | |

Plaintiffs allege that "Defendants received $1,000,000 from Plaintiffs for services they did not perform and [i]t is unjust for the Defendants to retain the $1,000,000." (Compl.¶¶ 47-48.) Based on the previous findings that Plaintiffs' breach of contract and conversion claims are dismissed for failure to state a claim, Plaintiffs have failed to allege any other facts showing unjust retainment by, specifically, Mata and/or Yu. A blanket reference to "Defendants" receiving and retaining $1,000,000 cannot be sufficient to require Mata and Yu to make restitution to the Plaintiffs. As such, no circumstances are alleged that would necessitate a remedy in equity as to Mata and Yu. Accordingly, the Court GRANTS Defendants' motion to dismiss Plaintiffs' claim for unjust enrichment with leave to amend.

### F.     UNFAIR BUSINESS ACT

The Complaint's caption lists a claim under the "Unfair Business Act." Plaintiffs however neglect to allege facts pertaining to this claim in the body of the Complaint. As such, the Court GRANTS Defendants' motion to dismiss this claim with leave to amend to include allegations sufficient to state this claim.

### G.     RICO CLAIMS

Lastly, Plaintiffs allege violations of the RICO statute. The elements of a RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005). Cases in which RICO claims are predicated upon fraud, as here, must conform to the particularized pleading requirements of Fed.R.Civ.P. 9(b), *i.e.*, they must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation. *See Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1065-66 (9th Cir. 2004).

Plaintiffs do not sufficiently plead facts supporting the conclusion that Defendants are an "enterprise." An "associated-in-fact enterprise under RICO does not require any particular organizational structure, separate or otherwise." *Odom v. Microsoft Corp.*, 486 F.3d 541, 548-53 (9th Cir.2007). To plead the existence of an associated-in-fact enterprise, plaintiffs must allege (1) a common purpose, (2) an ongoing organization, and (3) "evidence that the various associates function as a continuing unit." *Id*. at 552-53 (citing and quoting Turkette, 452 U.S. at 583). To plead the existence of an ongoing organization, however, plaintiffs must allege that the enterprise is "a vehicle for the commission of two or more predicate crimes." *Id*. (*quoting United States v. Cagnina*, 697 F.2d 915, 921 (11th Cir. 1983).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-00952 ODW (AGR) | Date | October 21, 2010 |
|---|---|---|---|
| Title | *Liu v. Li, et al.* | | |

      The Complaint provides that "Defendants are an association in fact who operate" a business which provides "financial services and business transactions including the transfer of funds internationally and the purchase of business assets." (Compl. ¶ 50.) Plaintiffs, however, do not allege sufficient facts describing how Defendants constitute an ongoing organization nor do the Plaintiffs allege "evidence that [Defendants] function as a continuing unit." Specifically, Plaintiffs do not provide any facts as to how Mata and Yu are associated with the false representations made by Li and Zheng, and how they function as a "continuing unit." As reasoned above, the Court is unimpressed with blanket allegations against "Defendants" rather than alleging facts specific to each respective Defendant. As such, Plaintiffs' vague allegations do not provide specific notice to each Defendant of the particular misconduct in which they were engaged, and do not allege with particularity how the purported association of the Defendants was the "vehicle for the commission of [wire fraud and mail fraud]." (Compl. ¶ 51.) Thus, the Complaint falls short of the heightened pleading requirement under Rule 9(b).

      Additionally, Plaintiffs do not sufficiently plead facts that there is a "pattern of racketeering activity." A " 'pattern of racketeering activity' requires at least two acts of racketeering activity . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 242 (1989); *Religious Tech. Center v. Wollersheim*, 971 F.2d 364, 367 (9th Cir. 1992) ("A pattern of activity lasting only a few months does not reflect the 'long term criminal conduct' to which RICO was intended to apply."); *See also Howard v. America Online Inc.*, 208 F.3d 741, 750 (9th Cir. 2000) ("Activity that lasts only a few months is not sufficiently continuous."); but *see Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1528 (9th Cir. 1995) (no "bright line" one year minimum requirement).

      Here, Plaintiffs allege predicate acts, wire and mail fraud, spanning from January 10, 2007 to March 12, 2007. (Compl. ¶¶ 52-57.) The allegations however do not provide sufficient facts indicating what acts Mata and Yu committed and how these alleged acts threaten future criminal conduct. Without specific allegations, a "pattern of racketeering activity" cannot be established from the Complaint. Accordingly, Plaintiffs fail to plead with particularity a "pattern of racketeering activity."

      Therefore, Plaintiffs fail to plead with particularity an "enterprise" and a "pattern of racketeering activity." As a result, the Court GRANTS the motion to dismiss Plaintiffs' RICO

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-00952 ODW (AGR) | Date | October 21, 2010 |
|---|---|---|---|
| Title | *Liu v. Li, et al.* | | |

claims under section 1962(c) and (d) with leave to amend.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** in its entirety. Because the Court GRANTS Defendants' Motion to Dismiss, the Motion for a More Definite Statement is **DENIED**. Plaintiff shall have fifteen (15) days to file an amended complaint.

**IT IS SO ORDERED**.

                                                                                                             --   :   00
                                                                                Initials of Preparer    RGN